UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| In re: ) | |
| ) | Case No. 17-45162-399 |
| AL A. CATALANO, ) | |
| ) | Chapter 7 |
| Debtor. ) | |

**MEMORANDUM OPINION**

This matter comes before me on the objection by Kristin J. Conwell, Chapter 7 trustee (Trustee) to Al A. Catalano's (Debtor) claim of a tenancy by entirety exemption in real property. The Trustee's objection is based on her argument that the Debtor is the sole owner of the property. For the reasons that follow, I sustain the Trustee's objection.

**FACTS**

The parties filed a joint stipulation of facts (including exhibits) for the purposes of the Trustee's objection.[1] The parties also agreed to waive a hearing and submit the objection on the pleadings without argument. I set forth below facts from the stipulation and the record used for my determination.

The Debtor and his wife, Gloria Catalano, have been married since December 2012. On August 15, 2013, the Debtor purchased from G'Sell Homes, LLC (Seller) a new home located at 1090 Remington Drive in Imperial, Missouri (Property).

The New Home Sale Contract (Sale Contract) used for the purchase of the Property is dated March 6, 2013.[2] It identifies only the Debtor as the "Purchaser" on page one. On page four of the Sale Contract both the Debtor and his wife signed under the typed word "Purchaser." Although not set forth in the parties' stipulation, two sets of initials appear next to the Seller's warranties in the Sale Contract and we assume one set belongs to Ms. Catalano. The options sheet attached to the Sale Contract (and referenced therein) is also only signed by the Debtor as Purchaser. Only the Debtor signed as Purchaser each of three amendments to the Sale Contract. The commission

---

[1] The parties state that they intend for their stipulation to be binding only for the purposes of the Trustee's objection to the Debtor's claim of exemption and the Debtor's response thereto.
[2] The date written on the front page of the Sale Contract is "9-6-2013," but the parties stipulated the Sale Contract is dated March 6, 2013.

1

agreement for the Sale Contract refers to the Sale Contract between Seller and the Debtor. And, the Debtor is defined as the "Buyer" and is the only one who signed as "Buyer" in the relationship disclosure addendum which was "entered into only after the contract was negotiated and signed on the same date the New Home Sale Contract(s) was signed." Stipulation ¶ 6.

Both the Debtor and Mrs. Catalano appeared to execute documents at the August 15, 2013 closing of the Property. The Seller executed the general warranty deed to the Property on August 15, 2013. It identifies the Grantee as "Al A. Catalano, a married person."

Only the Debtor signed the promissory note for the loan to purchase the Property. The deed of trust to secure the obligations under the promissory note defines the "Borrower" as "Al A. Catalano and Gloria Catalano, husband and wife." It is executed by both the Debtor and Mrs. Catalano. Both the general warranty deed and the deed of trust were recorded with the office of the recorder of deeds shortly after the closing.

The parties refer in their stipulation to other documents executed at the closing which they believe relate in some way to the Property purchase and either: (1) bear only the Debtor's signature or otherwise pertain only to the Debtor; or (2) are signed by both the Debtor and Mrs. Catalano. I believe each of the documents is irrelevant to my decision. The parties also stipulate to facts that are not relevant to my decision, such as those concerning: (1) communications between the Debtor and the realtor, his lender, and the title company or between the Debtor's lender and the title company; (2) the circumstances of the closing of the sale; (3) customs and practices of the title company; (4) the Debtor's statement of his intent concerning the loan to purchase the Property and the way in which the Property would be titled; (5) the name in which real estate tax assessments have been issued; and (6) sources of payment of the earnest money deposit and down payment for the Property purchase and payment of the promissory note and Property maintenance costs.

The Debtor commenced his bankruptcy case by filing a Chapter 7 bankruptcy petition in July 2017. His case was later converted to Chapter 13 and converted back to

Chapter 7 in March 2020. For this decision, I look only to the Debtor's claim of a tenancy by the entirety exemption in the Property when his case converted to Chapter 7 in 2020.[3]

## DISCUSSION

The issue before me is whether the Debtor should be allowed to claim a tenancy by the entirety exemption in the Property. This depends upon a determination whether the Debtor's wife is an owner of the Property.

A debtor's interest in property held as tenancy by the entireties is included as property of a debtor's bankruptcy estate. *Garner v. Strauss*, 952 F.2d 232 (8th Cir. 1991). Bankruptcy Code §541(a)(1) defines property of the bankruptcy estate to include "all legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. §541(a).

"The Bankruptcy Code allows debtors to exempt certain property from their bankruptcy estates, which are otherwise comprised of all the debtor's legal or equitable interests in property." *Abdul–Rahim v. LaBarge (In re Abdul–Rahim)*, 720 F.3d 710, 712 (8th Cir. 2013) (citing 11 U.S.C. §§522(d) and 541(a)). The Trustee bears the burden of proving that the Debtor did not properly claim the exemption. *See Fed. R. Bankr. P.* 4003(c).

Generally, a debtor may exempt property that is exempt under §522(d), or under applicable state law and federal law other than § 522(d). 11 U.S.C. §§522(b)(1), (2) and (3). Pursuant to Mo. Rev. Stat. §513.427, Missouri has opted out of the federal bankruptcy law exemption scheme.

The Debtor claimed an exemption under Mo. Rev. Stat. §§513.475 (Missouri homestead exemption statute) and 513.427 (Missouri opt out statute). The parties stipulated that, after the Debtor's case was converted back to Chapter 7 from Chapter 13, the Debtor "claimed the [Property] as exempt tenancy by the entirety property." Stipulation ¶ 30. Section 522(b)(3)(B) provides an exemption for:

> [A]ny interest in property in which the debtor had, immediately before the commencement of the case, an interest as a tenant by the entirety or joint

---

[3] The parties stipulated the Trustee's objection to the Debtor's claimed tenancy by entirety exemption was timely.

3

> tenant to the extent that such interest as a tenant by the entirety or joint tenant is exempt from process under applicable nonbankruptcy law.

11 U.S.C. § 522(b)(3)(B). "In Missouri, entireties property is not subject to the claims of the creditors of only one of the tenants, but is subject to such claims by creditors of joint debtors." *Van Der Heide v. LaBarge (In re Van Der Heide),* 164 F.3d 1183, 1184 (8th Cir. 1999) (citing *Garner v. Strauss*, 952 F.2d 232, 234-235 (8th Cir. 1992)).

"Tenancy by the entirety is a form of ownership in property created by marriage in which each spouse owns the entire property rather than a share or divisible part." *Lurie v. Blackwell* (*In re Popkin & Stern*), 292 B.R. 910, 918 (B.A.P. 8th Cir. 2003) (citing *Rinehart v. Anderson*, 985 S.W. 2d 363, 367 (Mo. Ct. App. 1998)), *aff'd* sub *nom. Blackwell v. Lurie (In re Popkin & Stern)*, 85 F. Appx. 543 (8th Cir. 2004). "[I]n Missouri there is a presumption that both personal property and real estate, ***owned by a husband and wife***, are held as tenants by the entirety." *Id.* (emphasis added) (citing *Scott v. Flynn*, 946 S.W.2d 248, 250 (Mo. Ct. App. 1997)). "[A] tenancy by the entirety is created when a ***husband and wife acquire property*** and the following four elements are present: (1) they take one and the same interest; (2) they take that interest by the same conveyance; (3) the interests commence at the same time; and (4) they hold by one and the same undivided possession." *Green Hills Production Ass'n v. Blessing,* 844 S.W. 2d 5 (Mo. Ct. App. 1992) (emphasis added) (citation omitted); *see Murawski v. Murawski,* 209 S.W.2d 262, 264 (Mo. Ct. App. 1948) (In a tenancy by the entirety a husband and wife have "unity of interest, unity of entirety, unity of time, and unity of possession.").[4]

The question in this case is not whether property of the Debtor and his wife was held as entireties property. The tenancy by the entirety exemption does not apply here because only the Debtor has owned the Property since its purchase.

The warranty deed to the Property executed by the Seller is clear that the Property was conveyed to only the Debtor. It defines "Al A. Catalano, a married person" as the

---

[4] The Debtor argues in a footnote of his response to the Trustee's objection that he and his wife held unity of title to the Property because his wife received an interest in it under Mo. Rev. Stat. §452.330.3. Section 452.330.3 is not helpful to the Debtor. It pertains to distribution of property upon dissolution of marriage or legal separation, situations not presented here. And, that section states a presumption that property acquired "**by either spouse**" after marriage but before divorce or legal separation "is . . . marital property **regardless of whether title is held individually or by the spouses in some form of co-ownership** such as joint tenancy, tenancy in common, tenancy by the entirety, and community property." Mo. Rev. Stat. §452.330.3 (emphasis added).

4

sole "Grantee."  The Debtor argues this is not determinative of how he holds the Property because the intent was that the Property would be held by the Debtor and his wife as tenants by the entirety.

The Sale Contract is direct evidence of the Property's ownership.  "The cardinal rule in the interpretation of a contract is to ascertain the intention of the parties and to give effect to that intention." *J.E. Hathman, Inc. v. Sigma Alpha Epsilon Club*, 491 S.W.2d 261, 264 (Mo.1973) (en banc). "Missouri contract law strictly prohibits the use of extrinsic evidence to interpret or cast doubt on a contract that is clear and unambiguous." *Union Elec Co. v. Consolidation Coal Co.*, 188 F.3d 998, 1002 (8th Cir. 1999) (citing *Royal Banks v. Fridkin*, 819 S.W.2d 359, 361 (Mo.1991) (en banc)).  "If the [contract] terms are unambiguous, then [the court] glean[s] the parties' intent solely from the terms of the contract." *Ambruster v. Mercy Medical Group*, 465 S.W.3d 67, 71 (Mo. Ct. App. 2015).

The Sale Contract's terms unambiguously show that the Debtor is the sole Property owner.  In its first paragraph, the Sale Contract includes the Debtor's handwritten name immediately before the document defines the term "Purchaser."  The Debtor is the only party who is defined as Purchaser.  The Sale Contract's unambiguous statement that the Debtor is the sole Purchaser is further supported by the fact that only the Debtor signed the Sale Contract's three amendments, the options sheet attachment, and the relationship disclosure addendum.  The commission agreement refers to the Sale Contract between the Seller and the Debtor.  The term Purchaser is used more than 70 times throughout those documents.  The Sale Contract is a complete agreement between the Debtor and the Seller.  The Debtor points to Mrs. Catalano's handwritten signature after his signature under the term "Purchaser" on page four of the Sale Contract as evidence of her ownership of the Property.  Contrary to the Debtor's belief, Mrs. Catalano did not become a party to the Sale Contract simply because of her signature on it and her initials in the warranties section of it.  *See Viacom Outdoor, Inc. v. Taouli*, 254 S.W.3d 234, 239 (Mo. Ct. App. 2008) ("The general rule supported by the courts is substantially to the effect that when the body of a contract purports to set out the names of the parties thereto and a person not named in the body of the contract signs the contract, and there is nothing in the contract to indicate that such person signed as a party, such person is not bound by the contract and hence is not liable thereunder."). (quoting *CMT Partners v. Alaiwat*, 969 S.W.2d 885, 887 (Mo. Ct. App.1998)).  And, although the Debtor alleges that his wife's signature means she is also a party to the Sale Contract, he does not allege an ambiguity in the document.

Even if I looked outside the Sale Contract's four corners, the record would not show that Mrs. Catalano had any obligations under it or was a party to it. Nothing in the record rises to the level of ownership of the Property by her.

The Debtor suggests that Mrs. Catalano's signature on the deed of trust renders her a co-owner of the Property. I disagree. The deed of trust is irrelevant to my decision. The purpose of a deed of trust is for all those who have an interest in property to transfer certain interests to a lender. By pointing to Mrs. Catalano's signature on the deed of trust, the Debtor infers that because his wife transferred her interest in the Property, she is a co-owner of it. But the warranty deed and Sale Contract do not support that inference and instead, provide direct evidence of ownership of the Property.

According to the Debtor, his wife's financial contributions to the maintenance of the Property and payment of the promissory note elevate her to the status of owner. He also points to Mrs. Catalano's signature on additional documents he believes relate to the Property purchase. I do not see how these or any of the other stipulated facts are relevant to the Property's ownership where the direct evidence provided by the warranty deed and unambiguous Sale Contract show that the Debtor was the sole owner.

## CONCLUSION

For the reasons stated, the Trustee's objection to the Debtor's claim of a tenancy by entirety exemption in the Property is sustained.

DATED: March 16, 2021  
St. Louis, Missouri  
cke

_Barry S. Schermer_  
Barry S. Schermer  
United States Bankruptcy Judge

6

Copies to:

Michael J. Watton
Watton Law Group
301 West Wisconsin Avenue
5th Floor
Milwaukee, WI 53203

Adam G. Breeze
Watton Law Group
800 Market Street
Suite 2150
St. Louis, MO 63101

Gary Vincent
Conwell Law Firm, LLC
PO Box 56550
St. Louis, MO 63117

Trustee
Kristin J Conwell
Conwell Law Firm LLC
PO Box 56550
St. Louis, MO 63156

U.S. Trustee
Office of US Trustee
111 S Tenth St, Ste 6.353
St. Louis, MO 63102

Synchrony Bank
c/o PRA Receivables Management, LLC
PO Box 41021
Norfolk, VA 23541